WO                                                                                          RP

**NOT FOR PUBLICATION**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Edward Faye Parks, | No. CV 09-8057-PCT-GMS (DKD) |
| Plaintiff, | **ORDER** |
| vs. | |
| Christy Denise Johnson, et al., | |
| Defendants. | |

Pending before the Court is Plaintiff's First Amended Complaint (Doc. #13) (Amended Complaint). The Court will dismiss the Amended Complaint and this action for failure to state a claim upon which relief may be granted.

**I.    Procedural Background**

On March 31, 2009, Plaintiff Edward Faye Parks, who is confined in the Great Plains Correctional Facility in Hinton, Oklahoma, filed a *pro se* "Motion To File Civil - Law Suit[] P[]unitive Damage[]s Case, CR-2005-0337 $3,700,000,000 [] Arizona State" (Doc. #1), which the Court, by Order filed April 15, 2009 (Doc. #3), construed as a civil rights Complaint. Plaintiff did not pay the $350.00 civil action filing fee or file an Application to Proceed *In Forma Pauperis*. Accordingly, the Court's Order also gave Plaintiff 30 days to pay the fee or file a completed Application to Proceed *In Forma Pauperis* and a certified six-month trust account statement.

On April 30, 2009, Plaintiff filed a deficient Application to Proceed *In Forma*

*Pauperis* (Doc. #4). By Order filed May 7, 2009 (Doc. #6), the Court denied the Application to Proceed *In Forma Pauperis* without prejudice and gave Plaintiff 30 days from the filing date of the Order to either pay the $350.00 filing fee or file a completed, certified Application to Proceed *In Forma Pauperis* and a certified six-month trust account statement from the Central Office of the Arizona Department of Corrections (ADOC).

On June 8, 2009, Plaintiff filed a "Notice Of Six Month[]s Statement" (Doc. #8), which included a "Certified Statement Of Account" from the ADOC's Central Office, and on June 9, 2009, Plaintiff filed a new, certified Application to Proceed *In Forma Pauperis* (Doc. #9). Then, on September 17, 2009, Plaintiff filed another Application to Proceed *In Forma Pauperis* (Doc. #10).

By Order filed November 25, 2009 (Doc. #11), the Court granted Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. #9); assessed an initial partial filing fee of $13.00; denied Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. #10) as moot; and dismissed Plaintiff's Complaint (Doc. #1) without prejudice, with leave to amend, in order for Plaintiff to file an amended complaint on a court-approved form. Plaintiff was given 30 days from the filing date of the Order to file a first amended complaint in compliance with the Order.

**II.     Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).

"Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. Id. at 1951.

If the Court determines that a pleading could be cured by the allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal of the action. See Lopez v. Smith, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*). The Court should not, however, advise the litigant how to cure the defects. This type of advice "would undermine district judges' role as impartial decisionmakers." Pliler v. Ford, 542 U.S. 225, 231 (2004); see also Lopez, 203 F.3d at 1131 n.13 (declining to decide whether the court was required to inform a litigant of deficiencies). Plaintiff's Amended Complaint will be dismissed for failure to state a claim, without leave to amend because the defects cannot be corrected.

### III. Amended Complaint

On December 11, 2009, Plaintiff filed his Amended Complaint (Doc. #13). Plaintiff should take notice that all causes of action alleged in an original complaint which are not alleged in an amended complaint are waived. Hal Roach Studios v. Richard Feiner & Co., 896 F.2d 1542, 1546 (9th Cir. 1990) ("an amended pleading supersedes the original"); King v. Atiyeh, 814 F.2d 565 (9th Cir. 1987). Accordingly, the Court will consider only those claims specifically asserted in Plaintiff's Amended Complaint with respect to only those Defendants specifically named in the Amended Complaint.

1    Named as Defendants in the Amended Complaint are: (1) Christy Denise Johnson,
2 Hotel Reservationist, Edgewater Casino, Laughlin, Nevada; (2) Shannon Bronson, Bullhead
3 County Justice Court Clerk; (3) Neil Robert Taylor; and (4) Billy Sipe, Jr., Attorney,
4 Kingman, Arizona.

5    Plaintiff alleges three counts in the Amended Complaint. In Count I, Plaintiff claims
6 that his rights were violated by "felony [] stalking [] across state line[]s." Plaintiff alleges
7 that on March 4, 2005, Defendant Christy Johnson followed Plaintiff and his girlfriend, Miss
8 French, from the Edgewater Casino in Laughlin, Nevada, across the bridge into Arizona and
9 made a lane change, causing an accident. Plaintiff further alleges that Defendant Johnson
10 drove off, leaving Plaintiff and Miss French sitting in the roadway of Highway 95. Plaintiff
11 also alleges that he "was not at fault," but that he was arrested, charged with "DUI," and
12 sentenced to 3.75 years in prison.

13    In Count II, Plaintiff claims that his rights were violated by the negligence of his
14 attorney, Defendant Billy Sipe, Jr. Plaintiff alleges that Defendant Sipe was retained to
15 defend and represent Plaintiff in the Mohave County Superior Court, and that after Plaintiff
16 told Defendant Sipe about "Defendants' actions" at the Edgewater Casino parking lot on
17 March 4, 2005, Defendant Sipe would not investigate the case and as a result Plaintiff was
18 sentenced to prison for aggravated DUI. Plaintiff further alleges that Defendant Sipe never
19 planned to help Plaintiff, but instead "prosecuted" Plaintiff in court "up until" June 7, 2005.
20 Plaintiff also alleges that Defendant Sipe was ineffective.

21    In Count III, Plaintiff claims that his rights were violated by his next-door neighbor,
22 Defendant Shannon Bronson. Plaintiff alleges that on October 15, 2004, Defendant Bronson
23 asked Amelia French to pay for half of a block wall, but that Plaintiff and Miss French told
24 Defendant Bronson that they have a chain link fence and could not afford to pay for the block
25 wall. Plaintiff further alleges that on the night of March 4, 2005, Defendant Bronson called
26 Defendant Christy Johnson and told her that Plaintiff and Miss French were heading up to
27 Laughlin, Nevada, in a white Ford truck. Plaintiff also alleges that Defendants Johnson and
28 Neil Taylor watched as Plaintiff and Miss French walked "from buildings" to their truck and

followed them, "flipping [] off" Plaintiff and Miss French at the bridge into the State of Arizona on Highway 95. Plaintiff claims that Defendants Johnson and Bronson "are the cause of arrest and wrongful conviction" of Plaintiff on June 7, 2005.

In his Request for Relief, Plaintiff seeks punitive monetary damages.

## IV. Failure to State a Claim

Plaintiff has failed to state a claim upon which relief may be granted in any of his claims in the Amended Complaint because they are all barred by either Heck v. Humphrey, 512 U.S. 477, 486-87 (1994), or the statute of limitations.

### A. Heck v. Humphrey

In Heck, the Supreme Court held that

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983.

Heck, 512 U.S. at 486-87 (emphasis in original) (footnote omitted).

A prisoner's claim for damages under § 1983, therefore, must be dismissed if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence," unless the prisoner demonstrates that the conviction or sentence has previously been reversed, expunged, or otherwise invalidated. Id. Heck also bars claims of wrongful arrest, malicious prosecution, and conspiracy. See Guerrero v. Gates, 442 F.3d 697, 705 (9th Cir. 2006); Smithart v. Towery, 79 F.3d 951, 952 (9th Cir. 1996).

In Smithart, the plaintiff sought damages for, *inter alia*, excessive force used during the course of an arrest that resulted in plaintiff's conviction. The plaintiff alleged that defendants, "without probable cause, authority, or justification" assaulted, arrested, handcuffed and beat plaintiff. Smithart, 79 F.3d at 952. Summarizing the Supreme Court's decision in Heck, the Court stated: "if a criminal conviction arising out of the same facts

stands and is fundamentally inconsistent with the unlawful behavior for which section 1983 damages are sought, the 1983 action must be dismissed." Id. The Court continued: "[t]here is no question that Heck bars [plaintiff's] claims that defendants lacked probable cause to arrest him and brought unfounded charges against him." Id. "If [plaintiff] wishes to challenge his arrest, prosecution or conviction, he should file a writ of habeas corpus." Id.

Thus, under Heck, before Plaintiff may seek to recover damages under 42 U.S.C. § 1983 for harm caused by actions of Defendants whose lawfulness would render his conviction or sentence invalid, he must first show that his conviction or sentence has been invalidated by a state or federal court. Heck, 512 U.S. at 486-87. Plaintiff has not shown in the instant Amended Complaint that his conviction or sentence has been invalidated by a state or federal court.[1] Accordingly, to the extent that Plaintiff's claims in the Amended Complaint would render his conviction or sentence invalid, they are barred by Heck and will be dismissed for failure to state a claim upon which relief may be granted.

**B.  Failure to Comply with Two-Year Statute of Limitations**

Title 28 U.S.C. § 1915A(b)(1) mandates that the Court dismiss a complaint if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. Moreover, "an action may be dismissed . . . where the defense is complete and obvious from the face of the pleadings." Franklin v. Murphy, 745 F.2d 1221, 1228 (9th Cir. 1984). In the absence of waiver, the Court may raise the defense of statute of limitations *sua sponte*. Levald, Inc. v. City of Palm Desert, 998 F.2d 680, 687 (9th Cir. 1993).

Here, it appears from the face of Plaintiff's Amended Complaint that those claims that are not barred by Heck are barred by the applicable statute of limitations.

In 42 U.S.C. § 1983 actions, the applicable statute of limitations is the forum state's statute of limitations for personal injury actions. Wilson v. Garcia, 471 U.S. 261, 266, 274-76 (1985); Vaughan v. Grijalva, 927 F.2d 476, 478 (9th Cir. 1991). The Arizona statute of limitations for personal injury actions is two years. See Ariz. Rev. Stat. § 12-542(1);

---

[1] The Court takes judicial notice that Plaintiff currently has a habeas corpus action pending in this Court regarding his conviction (CV 07-8133-PCT-GMS).

Madden-Tyler v. Maricopa County, 943 P.2d 822, 824 (Ariz. Ct. App. 1997); Vaughan, 927 F.2d at 478.

Plaintiff's claims in the Amended Complaint arise from actions that took place between October 15, 2004 and June 7, 2005. However, Plaintiff did not file this action until March 31, 2009, well over three years after the claims in his Amended Complaint arose. Accordingly, those claims in the Amended Complaint that are not barred by Heck are barred by the statute of limitations and will be dismissed for failure to state a claim upon which relief may be granted.

### C. Color of State Authority and Constitutional Violation

Lastly, the Court notes that to state a claim under 42 U.S.C. § 1983, Plaintiff must allege: (1) the conduct complained of was committed by a person acting under color of state law; and (2) the conduct deprived the Plaintiff of a constitutional right. Balisteri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988). Here, all of the Defendants appear to be private actors that were not acting under color of state law. Also, Plaintiff has failed to allege the violation of any constitutional rights.

## V. Dismissal of Amended Complaint Without Leave to Amend

For the above reasons, the Amended Complaint will be dismissed for failure to state a claim upon which relief may be granted. Also, because it is clear from the face of the Amended Complaint that the deficiencies in the Amended Complaint cannot be cured by amendment, the Court's dismissal will be without leave to amend, and the Court will order that the action be dismissed and judgment entered. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987) (citing Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980)).

**IT IS ORDERED:**

(1) The Amended Complaint (Doc. #13) and this action are **dismissed** for failure to state a claim upon which relief may be granted, and the Clerk of Court **must enter judgment** accordingly.

//

//

1       (2)    The Clerk of Court **must make an entry** on the docket stating that the dismissal for failure to state a claim may count as a "strike" under 28 U.S.C. § 1915(g).

DATED this 22nd day of March, 2010.

_____
G. Murray Snow
United States District Judge